# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT KYLE,<br><br>                    Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. 06-CV-0427-H<br>*related to* 02-CR-0935-H<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On March 17, 2006, petitioner Roosevelt Kyle ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Doc. No. 145.) On March 22, 2006, Petitioner filed additional documents. (Doc. Nos. 147-52.) On May 1, 2006, respondent United States of America ("Respondent") filed an opposition to Petitioner's habeas petition. (Doc. No. 158.) On June 2, 2006, Petitioner filed documents which the Court construes as his reply to Respondent's opposition. (Doc. Nos. 159-161.) On July 12, 2006, Petitioner filed documents which the Court construes as a supplemental reply. (Doc. Nos. 166-68.)

The Court concludes that Petitioner has failed to make specific factual allegations which, if true, would entitle him to relief, and that Petitioner's petition, other filings, and the other records of the case conclusively show that Petitioner is not entitled to relief. Therefore, the Court concludes that no hearing is necessary, see 28 U.S.C. § 2255; see also United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990),

and for the reasons stated below, **DENIES** Petitioner's habeas corpus petition.

## Background

On September 26, 2002, a jury found Petitioner guilty of four counts of violating 26 U.S.C. § 7203 for willfully failing to file income tax returns from 1996 to 1999. (Verdict (Doc. No. 75).)  On December 8, 2003, the Court sentenced Petitioner to twelve months imprisonment and one year supervised release as to each count, with the sentences to run concurrently.  (Judgment (Doc. No. 115).)  On March 11, 2005, the Ninth Circuit affirmed Petitioner's conviction.  See United States v. Roosevelt Kyle, No. 03-50630, slip op., at 1-4 (9th Cir. 2005).

On February 7, 2006, Petitioner filed numerous documents attacking his conviction. (Doc. Nos. 139-141.)  Because Petitioner's case had become final, the Court issued an options order pursuant to Castro v. United States, 540 U.S. 375 (2003), ordering Petitioner to either consent to the Court construing his motions as a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2255 or to withdraw his motions and file an all-inclusive § 2255 motion.  (Doc. No. 142.)

In response, on March 17, 2006, Petitioner filed a petition for writ of habeas corpus pursuant to § 2255.  (Am. Pet. Writ Habeas Corpus 1-39.)  On May 1, 2006, Respondent filed an opposition to Petitioner's habeas petition.  (Gov't Resp. Opp. Pet.'s Mot. 1-11.)  On June 2, 2006, Petitioner filed documents which the Court construes as his reply to Respondent's opposition.  (Doc. Nos. 159-161.)  On July 12, 2006, Petitioner filed documents which the Court construes as a supplemental reply. (Doc. Nos. 166-68.)

## Discussion

Although Petitioner's habeas petition is difficult to comprehend, it appears as though he is arguing that his conviction violated the Due Process Clause of the United States Constitution because 26 U.S.C. § 7203 is unconstitutionally vague on its face because it does not specify that it applies to income taxes and because it does not apply to him because he is African-American.

## I. Vagueness

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). A government regulation may be unconstitutionally vague for two reasons, the regulation may fail to give persons of ordinary intelligence adequate notice of what conduct is proscribed, or it may permit or authorize "arbitrary and discriminatory enforcement." See G.K. Ltd. Travel v. City of Lake Oswego, 436 F.3d 1064, 1084 (9th Cir. 2006).

Section 7203 states:

> Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall . . . be guilty of a misdemeanor.

Every individual who does not fit into certain statutory exceptions that earns gross income that exceeds an exemption amount must file an income tax return. See 26 U.S.C. § 6012(a). Returns must be filed on or before the 15th day of April following the close of the calendar year. See id. § 6072(a). The Court concludes that these two sections are sufficiently clear to give persons of ordinary intelligence adequate notice of what conduct is proscribed (the failure to file an income tax return by April 15 of the following year) and that they do not permit or authorize arbitrary and discriminatory enforcement. Furthermore, 26 U.S.C. § 7203, which criminalizes the failure to make a return required under title 26, is also sufficiently clear to give persons of ordinary intelligence adequate notice of what conduct is proscribed and does not permit or authorize arbitrary and discriminatory enforcement

Furthermore, the Ninth Circuit and numerous other circuit courts have rejected vagueness arguments made against § 7203. See, e.g. United States v. Pederson, 784

F.2d 1462, 1463-64 (9th Cir. 1986); United States v. Parshall, 757 F.2d 211, 215 (8th Cir. 1985); United States v. Moore, 692 F.2d 95, 96-97 (10th Cir. 1979); United States v. Eagan, 587 F.2d 338, 339 (6th Cir. 1978) (per curiam). Therefore, the Court denies Petitioner's habeas petition on the grounds that § 7203 is unconstitutionally vague. Accordingly, the Court denies Petitioner's § 2255 petition on the basis that the statute he was convicted under in unconstitutionally vague.

## II.   Petitioner's Race

Petitioner also argues that his conviction violated due process because the United States Constitution only applies to white males. "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States . . . ." U.S. Const. amend. XIV, § 1. All citizens are subject to federal taxation unless expressly exempted. See Ramsey v. United States, 302 F.3d 1074, 1078 (9th Cir. 2002). Therefore, Petitioner's argument that his conviction is unconstitutional because he is African-American is without merit. Accordingly, the Court denies Petitioner's petition for writ of habeas corpus.

## Conclusion

For the reasons stated above, the Court **DENIES** Petitioner's habeas corpus petition.

IT IS SO ORDERED.

DATED: August 21, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.